Roy M. HARRELL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15862.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1971.

Curtis A. Parks, Public Defender, Tulsa County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Judge.

This is an appeal perfected to this Court by Roy M. Harrell, hereafter referred to as the defendant, sustained in the District Court of Tulsa County, Oklahoma, for the offense of "Obtaining Property By Means of False and Bogus Customer's Draft, AFCF." Defendant was tried by a jury in a two-stage proceeding and was found guilty. Defendant waived the jury for the second stage of the proceedings concerning his former conviction. The records reflect that the court properly inquired of the defendant whether or not he understood the consequences of his waiver, to which defendant answered in the affirmative. At the conclusion of the second stage proceedings the court sentenced defendant to the minimum sentence of ten years imprisonment, under the control and custody of the State Department of Correction.

The testimony shows that defendant purchased from one, Bill Ramsey, a 1969 Chevrolet half-ton pickup truck, and in exchange for the truck he gave a customer's draft to Mr. Ramsey in the amount of $2,293.00, dated November 9, 1968, which was to be payable through the State National Bank at Marlow, Oklahoma.

Defendant took title and possession of the pickup truck, and subsequently sold same to Mr. Raymond Whisenhunt. When the draft was presented for payment, the Marlow bank returned it indicating that defendant had "no account" in their bank. Mr. Ramsey testified concerning the sale of the pickup truck, after which defendant stipulated to the effect that if Mr. Bill Green, cashier for the State Bank of Marlow, Oklahoma, were to take the stand he would testify:

"* * * that at the time the customer's draft marked 'State's Exhibit No. One' was received by the State Bank of Marlow, Oklahoma, the defendant did not have any type of account with that bank and had not had an account there in the past * * *."

Thereafter, Mr. Whisenhunt testified concerning his purchase of the truck from the defendant.

Defendant testified in his own behalf and related that he had stopped at a bar enroute to Marlow, Oklahoma, where he had two drinks. He asserted that as a result of the second drink he became unconscious, and the sum of approximately $3,400.00 was taken from his person. He stated further that he did not report the alleged theft to the police department on advice of counsel, and for other reasons not pertinent to this decision. He also testified that he wrote to Mr. Ramsey and offered to make restitution to him, and to pay eight percent interest on a note, which he would make payable to the Ramsey Chevrolet Company.

In rebuttal the state again offered the testimony of Mr. Bill Ramsey who testified

that he had attempted to locate defendant and was unable to do so; and that his "certified return requested" mail had been returned from defendant's address, "unclaimed." The envelope was addressed to Mr. Roy Harrell, 205 East Cedar, Duncan, Oklahoma, 73533, which defendant had testified was his address. Ramsey testified that the first time he had heard from defendant, after defendant purchased the truck from him, was when the defendant was arrested in Seattle, Washington, on the charge for which he was standing trial.

In his Petition in Error defendant cites six errors alleged to have been committed during his trial. The record has been reviewed very carefully and only one of the cited errors has merit. The sixth and last error cited by defendant contends that the former conviction was not properly proven and did not sufficiently show that defendant had counsel when he entered his plea of guilty to an earlier charge in Stephens County, Oklahoma, for Obtaining Property by Means of a Bogus Check AFCF. Notwithstanding the fact that the judgment and sentence does not state on the face thereof that defendant was represented by counsel, attached to the judgment and sentence was a certified copy of the Court Minute which shows that the defendant was represented by Mr. Jerome Sullivan, Jr., when he entered his plea of guilty to the charge in Stephens County. In addition, defendant testified during the second stage of the trial and admitted that he entered the plea of guilty to the charge, but he made no indication that he was not represented by counsel at that time.

We have carefully reviewed the record before the Court, including the information and the instructions, and find that the defendant received a fair trial according to due process of law; that his waiver of the jury on the second stage of the trial was knowingly and intelligently entered; and that none of his constitutional rights were violated during his trial.

We are therefore of the opinion that the conviction of defendant in the District Court of Tulsa County, Oklahoma, in that court's case no. CRF–69–246, should be and the same is hereby affirmed.

BUSSEY, P. J., and NIX, J., concur.